IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KARL SHACKELFORD | § | |
| v. | § | CIVIL ACTION NO. 6:12cv132 |
| WILLIAM GOECKING, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Karl Shackelford, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 referring to two incidents in which he went to Southside Bank after having been previously instructed to stay away, and one incident in which he tried to go to the office of the U.S. Bankruptcy Trustee. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Shackelford was apparently arrested for criminal trespass in connection with these incidents, although this is unclear. He offers documents showing that one charge of criminal trespass was dismissed on the motion of the state, but does not indicate the disposition of the other two incidents. More specifically, Shackelford offered nothing to show that he is still in confinement, either actual or constructive, as a result of any of these charges, nor does he show that he has exhausted his state remedies on any charge for which he is in actual or constructive confinement.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge observed that federal courts lack jurisdiction to entertain habeas corpus petitions under 28 U.S.C. §2254 if the petitioner is not in actual or constructive custody at the time of the filing of the petition; in this case, Shackelford did not indicate

1

that he had even been convicted on the charges, much less that misdemeanor charges of criminal trespass carried collateral consequences sufficient to satisfy the "in custody" requirement.

Additionally, the Magistrate Judge noted that the U.S. District Court for the Northern District of Texas has imposed sanctions upon Shackelford totaling $300.00, and barred him from pursuing further litigation until these sanctions were satisfied. In this case, the Magistrate Judge stated that the U.S. District Court for the Eastern District of Texas honors sanctions imposed by other federal district courts within the State of Texas, and that Shackelford had failed to show that he had satisfied these sanctions. Thus, the Magistrate Judge recommended that the application for habeas corpus relief be denied.

Shackelford filed objections to the Report of the Magistrate Judge on April 12, 2012, In his objections, he appears to say that he did show the outcome of the charges against him, although a review of his petition shows only that he says that one of the charges was dismissed. Shackelford also says that he has satisfied the sanctions against him, pointing to two exhibits to his objections; however, these exhibits consist of a blank habeas corpus form, and a blank instruction form from the Northern District of Texas. Neither of these exhibits shows that Shackelford has satisfied the sanctions against him, and a review of the dockets in the Northern District confirms that Shackelford has not satisfied the sanctions. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, with refiling permitted only upon a showing that all sanctions imposed upon Shackelford by any federal court within the jurisdiction of the Fifth Circuit Court of

Appeals have been satisfied. Shackelford may not refile his petition, or any other civil action, without such a showing. It is further

ORDERED that should Shackelford satisfy the sanctions and refile his petition, he is instructed that he must set forth specific facts showing entitlement to habeas corpus relief, not merely general allegations. It is further

ORDERED that the Petitioner Karl Shackelford is hereby DENIED a certificate of appealability *sua sponte*; the denial of this certificate relates only to an appeal of the present case and has no effect upon Shackelford's right to refile his petition once he has satisfied all of the sanctions imposed upon him. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 2nd day of May, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE